Lisa S. Kantor, Esq. State Bar No. 110678
 e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. - State Bar No. 199634
 e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

RECEIVED JAN 0 2 2008

Attorneys for Plaintiff,
LOIS RODDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LOIS RODDEN, | ) CASE NO: |
|---|---|
| Plaintiff, | ) COMPLAINT FOR: |
| VS. | ) (1) BENEFITS, PREJUDGMENT AND POSTJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS UNDER THE *EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974*, 29 U.S.C. § 1132(a)(1)(B); |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY; SANYO SEMICONDUCTOR CORPORATION LONG TERM DISABILITY PLAN; | ) (2) DECLARATORY RELIEF, ATTORNEYS' FEES AND COSTS UNDER THE *EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974*, 29 U.S.C. § 1132(a)(1)(B); |
| Defendants. | |

Plaintiff, LOIS RODDEN, herein sets forth the allegations of her Complaint against Defendants, JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and SANYO SEMICONDUCTOR LONG TERM DISABILITY PLAN.

1

## GENERAL ALLEGATIONS

This action is brought under 29 U.S.C. §§ 1132(a), (c), (e), (f) and (g) of the *Employee Retirement Income Security Act of 1974* (hereinafter "ERISA") as it is brought for the purpose of obtaining benefits under the terms of an ERISA plan; to clarify and enforce Plaintiff's past, present and future rights to benefits under an ERISA plan; for statutory penalties for failure to timely respond to a request for information under ERISA; for prejudgement and postjudgment interest; and for attorneys' fees and costs. Jurisdiction is proper under 29 U.S.C. § 1132(e) as well as 28 U.S.C. § 1331, as this action involves a federal question.

1. Plaintiff was at all times relevant, an employee of Sanyo Semiconductor Corporation, and a resident and citizen of the County of Santa Clara. Plaintiff is currently residing in Santa Clara County.

2. Plaintiff is informed and believes that Defendant, JEFFERSON PILOT FINANCIAL INSURANCE COMPANY ("JEFFERSON PILOT"), is a corporation with its principal place of business in the State of New Hampshire, authorized to transact and transacting business in the Northern District of California and can be found in the Central District of California. JEFFERSON PILOT is the insurer of benefits under the LTD Plan based upon a Certificate of Assumption form GL02-CACL transferring all obligations and liabilities to JEFFERSON PILOT after the acquisition of Canada Life Assurance Company. Defendant, JEFFERSON PILOT, is also a Plan fiduciary as defined under ERISA.

3. Plaintiff is informed and believes that Defendant SANYO SEMICONDUCTOR CORPORATION LONG TERM DISABILITY PLAN, (hereinafter "LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Sanyo Semiconductor Corporation, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits under. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so

long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

4. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## FIRST CAUSE OF ACTION
## FOR ERISA BENEFITS, PREJUDGMENT AND
## POSTJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

5. Plaintiff incorporates by reference paragraphs one through four as though fully set forth herein.

6. Plaintiff was employed by Sanyo Semiconductor Corporation. At all times relevant, Plaintiff was entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by Sanyo Semiconductor Corporation. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the LTD Plan.

7. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the LTD Plan. On or about September 24, 2004, Plaintiff sustained an injury which rendered her incapable of performing the material and substantial duties of her occupation.

8. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to JEFFERSON PILOT and began receiving LTD benefits under the Plan. On November 16 2006, Plaintiff's claim for LTD benefits were terminated by

3

JEFFERSON PILOT. Plaintiff appealed this determination and on May 11, 2006 and on October 8, 2007 erroneously and wrongfully continued to uphold its prior determination terminating Plaintiff's claim for LTD benefits.

9. Defendants, JEFFERSON PILOT and LTD Plan, wrongfully denied Plaintiff's claim in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when JEFFERSON PILOT and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and JEFFERSON PILOT had such knowledge, JEFFERSON PILOT denied Plaintiff's LTD benefits;

(b) Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

(c) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of Plaintiff's claims for LTD benefits;

(d) After Plaintiff's claim was denied in whole or in part, JEFFERSON PILOT failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(e) Concealing and withholding from Plaintiff the notice requirements JEFFERSON PILOT and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(e) - (g), inclusive; and

(f) Failing to properly and adequately investigate the merits of Plaintiff's disability claim.

10.  Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

11.  Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

12.  As a proximate result of the aforementioned wrongful conduct of the LTD Plan and JEFFERSON PILOT, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

13.  As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## SECOND CAUSE OF ACTION AGAINST
## FOR DECLARATORY RELIEF, ATTORNEYS' FEES AND COSTS
## UNDER  ERISA (29 U.S.C. § 1132(a)(1)(B))

14.  Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15.  A controversy now exists between JEFFERSON PILOT and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan.  Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant JEFFERSON PILOT and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to

have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

16. As a direct and proximate result of the failure of the LTD Plan and/or JEFFERSON PILOT to pay disability benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

    (b) A mandatory injunction issued requiring defendants LTD Plan and JEFFERSON PILOT to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

    (c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2. A declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4. Cost and attorneys fees incurred in pursuing this action as authorized by 29 U.S.C. § 1132(g);

5. Prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: December 20, 2007            KANTOR & KANTOR, LLP

_____
Lisa S. Kantor
Attorney for Plaintiff
Lois Rodden