1  Horace W. Green (SBN 115699)
   GREEN & HUMBERT
2  220 Montgomery Street, Suite 438
   San Francisco, California  94104
3  Telephone:  (415) 837-5433
   Facsimile:   (415) 837-0127
4
   Attorneys for Defendants
5  JEFFERSON PILOT FINANCIAL INSURANCE
   COMPANY and
6  SANYO SEMICONDUCTOR LONG TERM
   DISABILITY PLAN
7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12
   LOIS RODDEN,                              )  Case No. CV 07-6489 SI
13                                           )
              Plaintiff,                     )  **DEFENDANTS' ANSWER TO**
14                                           )  **PLAINTIFF'S COMPLAINT**
         vs.                                 )
15                                           )
   JEFFERSON PILOT FINANCIAL                 )
16 INSURANCE COMPANY; SANYO                  )
   SEMICONDUCTOR LONG TERM                   )
17 DISABILITY PLAN,                          )
                                             )
18            Defendants.                    )
                                             )
19 _____

20
         Defendants Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") and
21
   the Sanyo Semiconductor Long Term Disability Plan ("the Plan") (collectively
22
   "Defendants"), answering for themselves and for no other defendants, hereby answer
23
   Plaintiff's Complaint as follows:
24
                         **ANSWER TO GENERAL ALLEGATIONS**
25
         1.   Answering paragraph one, Defendants are informed and believe, and based
26
   thereon admit, that Plaintiff is a resident of Santa Clara County, California, and a former
27

28

employee of Sanyo Semiconductor.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

2.  Answering paragraph two, Defendants admit that Jefferson Pilot Financial Insurance Company, now known as The Lincoln National Life Insurance Company, is authorized to transact business in California.  Defendants further admit that Jefferson Pilot, through the assumption of a policy of insurance, insured the Plan's long term disability benefit at all times relevant hereto.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

3.  Answering paragraph three, Defendants admit that the Plan is an employee welfare benefit plan regulated by ERISA.  Defendants further admit that the Plan was established by Sanyo North America Corporation.  Defendants further admit that Plaintiff was a Plan participant.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph, and specifically deny that Plaintiff is entitled to additional Plan benefits.

4.  Answering paragraph four, Defendants admit that jurisdiction is proper in this venue under the provisions of ERISA, 29 U.S.C. § 1132 et seq.

## ANSWER TO FIRST CLAIM FOR RELIEF

5.  Answering paragraph five, Defendants reallege and incorporate by reference their responses to paragraphs one through four as though fully set forth herein.

6.  Answering paragraph six, Defendants admit that Plaintiff was employed by Sanyo Semiconductor Corporation, and that Plaintiff was a Plan participant.  Defendants further admit that Plaintiff received Plan benefits for the period December 24, 2004 - June 24, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

7.  Answering paragraph seven, Defendants admit that Plaintiff was a Plan participant. Defendants further admit that Plaintiff received Plan benefits for the period

December 24, 2004 - June 24, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

8. Answering paragraph eight, Defendants admit that in November 2004 Plaintiff submitted a claim for Plan benefits.  Defendants further admit that by letter dated August 17, 2005, Jefferson Pilot informed Plaintiff that her claim was approved.  Defendants further admit that by letter dated May 30, 2006, Jefferson Pilot informed Plaintiff that she was not entitled to Plan benefits beyond June 24, 2006.  Defendants further admit that by letters dated November 16, 2006, and October 8, 2007, Plaintiff was informed that the claims decision had been reviewed and upheld.   Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

9. Answering paragraph nine, Defendants deny each and every allegation contained in said paragraph.

10. Answering paragraph ten, Defendants deny each and every allegation contained in said paragraph.

11. Answering paragraph eleven, Defendants admit that Plaintiff has exhausted her administrative remedies available under the terms of the Plan.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

12. Answering paragraph twelve, Defendants deny each and every allegation contained in said paragraph.

13. Answering paragraph thirteen, Defendants deny each and every allegation contained in said paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF

14. Answering paragraph fourteen, Defendants reallege and incorporate by reference their responses to paragraphs one through thirteen as though fully set forth

1  herein.

2  15. Answering paragraph fifteen, Defendants deny each and every allegation
3  contained in said paragraph.

4  16. Answering paragraph sixteen, Defendants deny each and every allegation
5  contained in said paragraph.

6  17. Answering Plaintiff's Prayer for Relief, Defendants deny each and every
7  allegation set forth in said prayer, and further deny that Plaintiff is entitled to relief in the
8  amount alleged, or in any amount, or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint and each purported cause of action contained therein fail to set forth facts upon which relief may be granted against any Defendant.

### SECOND AFFIRMATIVE DEFENSE

19. Plaintiff's Complaint, and every cause of action alleged therein, are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); therefore, Plaintiff is not entitled to any remedy not provided under ERISA.

### THIRD AFFIRMATIVE DEFENSE

20. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible, including Plaintiff, and for which Defendants cannot be held liable.

### FOURTH AFFIRMATIVE DEFENSE

21. The Policy defines "disability" under the Plan as follows:

"Totally Disabled and Total Disability mean during the Elimination Period and the next 24 months because of an Injury or Sickness You meet *all* of the following:

a) You are unable to do the Material and Substantial Duties of your Own

Occupation; *and*

b) You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; and

c) Your Work Earnings are less than 20% of Your Indexed Pre-Disability Monthly Earnings."

"The definition changes 24 months after the end of the Elimination Period. From that point on, Totally Disabled and Total Disability mean because of an Injury or Sickness, *all* of the following are true:

a) You are unable to do the Material and Substantial Duties of any occupation for which You are or may become reasonably qualified by education, training or experience; *and*

b) You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; and

c) Your Work Earnings are less than 20% of Your Indexed Pre-Disability Monthly Earnings."

Plaintiff is not "disabled" as the Policy defines that term. Therefore, Plaintiff is not entitled to Plan benefits under 29 U.S.C. §§ 1132, *et seq*. or under any other provision of ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

22. The Policy provides that any payment of Plan benefits shall be reduced by "Your Income From Other Sources," as defined in the Policy. Therefore, to the extent that Plaintiff may demonstrate any entitlement to further Plan benefits, such benefits must be reduced by the amount of any deductible sources of income that Plaintiff received.

**SIXTH AFFIRMATIVE DEFENSE**

23. The actions alleged in the Complaint, if and to the extent that they took place, were taken in good faith and were a lawful exercise of sound discretion and Defendants' legal rights, and were based on a rational and reasonable consideration of the facts.

### SEVENTH AFFIRMATIVE DEFENSE

24. Under ERISA, Plaintiff is bound by the terms of the Plan documents, and may not justifiably rely on any alleged statement which contravenes the express language in the Plan documents. Therefore, Plaintiff is barred from obtaining the relief she seeks by way of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

25. The Plan provides that a participant's coverage under the Plan ends on the date the participant ceases to be an active employee of Sanyo Semiconductor. Therefore, to the extent that Plaintiff became disabled after her employment with Sanyo ended, she is not entitled to further Plan benefits.

### NINTH AFFIRMATIVE DEFENSE

26. If it is determined that Plaintiff is entitled to further Plan benefits (which Defendants dispute), any such benefits must be limited to the period representing the remainder of the 24 month "own occupation" period. The Plan has yet to make any determination regarding Plaintiff's entitlement to benefits under the "any occupation" definition of disability, and therefore the Court lacks jurisdiction with respect to any claim by Plaintiff for Plan benefits after 24 months under the "any occupation" definition of disability.

### TENTH AFFIRMATIVE DEFENSE

27. The Plan requires that a claimant receive medical care and/or treatment that is appropriate for the allegedly disabling condition. Plaintiff did not receive appropriate medical care and/or treatment; therefore, Plaintiff is not entitled to additional Plan benefits.

### ELEVENTH AFFIRMATIVE DEFENSE

28. The Plan provides that Jefferson Pilot, as the claims reviewing entity, has authority to make claims decisions that are "final and binding." Therefore, because Jefferson Pilot has discretion with respect to benefits determinations, the Court's review of the decision is limited to whether Jefferson Pilot abused the discretion granted to it under the Plan.

## TWELFTH AFFIRMATIVE DEFENSE

29.   Defendants reserve the right to amend their Answer to Plaintiff's Complaint, including the right to include additional affirmative defenses.

WHEREFORE, Defendants pray for the following relief:

1.   That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

2.   That judgment be entered in favor of Defendants and against Plaintiff;

3.   That Defendants be awarded their costs of suit and attorney's fees; and

4.   For such other and further relief as the Court may deem just and proper.

DATE: February 11, 2008    GREEN & HUMBERT

By:  /s/ Horace W. Green
     HORACE W. GREEN

     Attorneys for Defendants
     JEFFERSON PILOT FINANCIAL
     INSURANCE COMPANY and
     SANYO SEMICONDUCTOR
     CORPORATION LONG TERM
     DISABILITY PLAN