1  KANTOR & KANTOR, LLP
   LISA S. KANTOR Bar No. 110678
2  ELIZABETH K. GREEN Bar No. 199634
   19839 Nordhoff Street
3  Northridge, CA  91324
   (818) 886-2525 (Tel.)
4  (818) 350-6272 (Fax)
   lkantor@ kantorlaw.net
5  egreen@kantorlaw.net
   Attorneys for Plaintiff
6
   GREEN & HUMBERT
7  Horace W. Green Bar No. 115699
   220 Montgomery Street, Suite 438
8  San Francisco, CA 94104
   (415) 837-5433 (Tel)
9  (415) 837-0127 (Fax)
   horaceg@lifehealthlaw.com
10 Attorneys for Defendants

11             UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13 | LOIS RODDEN,                | **CASE NO. C 076489**
14 |          Plaintiff,         | **JOINT CASE MANAGEMENT**
   |                             | **CONFERENCE STATEMENT**
15 |                             |
16 |     VS.                     | Date:  April 4, 2008
   |                             | Time: 2:00 p.m.
17 | JEFFERSON PILOT FINANCIAL   | Ctrm: 10, 19th Floor, San Francisco
   | INSURANCE COMPANY; SANYO    |
18 | SEMICONDUCTOR               |
   | CORPORATION LONG TERM       |
19 | DISABILITY PLAN,            |
20 |                             |
   |          Defendants.        |
21

22         Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules
23
   of this Court, and this Court's Order, Plaintiff Lois Rodden ("Rodden") and
24
   Defendants  Jefferson  Pilot  Financial  Insurance  Company  ("JP")  and  Sanyo
25
   Semiconductor Corporation Long Term Disability Plan ("the Plan") (collectively,
26
   "Defendants"), by and through their respective counsel of record, hereby submit this
27
   Joint Report.
28

**1.    Jurisdiction and Service**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for long term disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is also predicated under 28 U.S.C. section 1331, a federal question.

**2.    Facts**

This case arises from a claim by Plaintiff Lois Rodden for long term disability benefits under the Plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant JP is the insurer of and claims reviewer for the Plan.

The Plan defines "Total Disability" to mean that, during the Elimination Period and next 24 months thereafter, a Plan participant is unable to perform the material and substantial duties of their own occupation due to an Injury or Sickness.

In 2004, Rodden, employed as an Office Manager for Sanyo, suffered bilateral upper extremity injuries. Following an elimination period, Rodden applied for long term disability benefits with JP. JP approved Rodden's claim for long term disability benefits and paid benefits from December 2004 to June 2006. In June 2006, JP determined that Rodden's residual functional abilities no longer prevented her from performing the material and substantial duties of her occupation. On this basis, JP concluded that Rodden was not entitled to further Plan benefits. Rodden appealed the decision and JP upheld its denial.

Rodden contends that the denial was wrong and she is entitled to continued disability benefits. Defendants contend the denial was correct.

**3.    Principal Factual Issues in Dispute**

Whether Ms. Rodden was disabled from her "own occupation" under the Plan at the time the claim was denied.

1   Whether Ms. Rodden's physical restrictions and limitations preclude her from
2   performing her occupational duties.

3   Whether JP's dual role as claims reviewer and claims payor impacted the
4   claims decision.

5   **4.    Legal Issues**

6   (1) The proper standard of review by which Defendants' decision must be
7   considered by the Court; and (2) whether Ms. Rodden is entitled to benefits under
8   the terms of the Plan.

9   **5.    Motions Anticipated by the Parties.**

10  There are no prior or pending motions.  The parties anticipate filing cross-
11  motions for summary judgment.  The parties propose the following briefing schedule
12  for cross Motions for Summary Judgment:

13          September 19, 2008 – File Motions for Summary Judgment

14          October 3, 2008 – File Oppositions

15          October 10, 2008 – File Replies

16          October 24, 2008 – Motion Hearing

17  **6.    Amendment of Pleadings**

18  There are no anticipated amendments to the pleadings.

19  **7.    Evidence Preservation**

20  Plaintiff has no electronic documents that require preservation.

21  Defendants have preserved in hard copy all electronic documents that are part
22  of the Administrative Record in this action.

23  **8.    Disclosures**

24      **a.    Plaintiff's Disclosure**

25  Plaintiff will produce documents pursuant to Rule 26 to the extent they are
26  necessary to complete the administrative record produced by Defendants.

27      **b.    Defendants' Disclosure**

28

Defendants will make initial disclosure prior to the case management conference, and will produce the administrative record pertaining to the disability claim that is the subject of this action, as well as Plan documents.

**9.    Discovery.**

Neither party has taken any discovery to date.

**a.    Plaintiff's Contentions re Discovery.**

Plaintiff contends that discovery is appropriate regarding the issue of conflict pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). In *Abatie*, the court confirmed that district courts may consider evidence outside of the administrative record in ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of interest" in order to determine the appropriate level of scrutiny the court will give to a conflicted administrator's decision to deny the participant's benefits. *Id.* at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the *Abatie* court contemplated.

In the short time since *Abatie*, district courts in the Ninth Circuit have followed suit and issued decisions permitting discovery requests by plaintiffs in ERISA cases. *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202 (C.D. Cal. 2007); *Harper v. Unum Life Ins. Co. of America*, 2007 WL 1792004, *5 (E.D. Cal. June 19, 2007); *Sterio v. Highmark Life Ins. Co.*, 2007 WL 1650929 (E.D. Cal. June 5, 2007); *Beckstrand v. Electronic Arts Group Long Term Disability Ins. Plan*, 2007 WL 1599769, *5 (E.D. Cal. June 4, 2007) ("discovery that would lead to evidence that, among other things, the plan had a record of denying benefits, continuously retaining doctors who rendered opinions favorable to the plan, or had standards or protocols with which the administrator complied . . . . Such evidence now goes to the deference that the court will use in reviewing the merits of the case and, thus, is relevant and admissible under *Abatie*"); *Starr v. MGM Mirage*, 2007 WL 1560335,

1  *4 (D. Nev. May 23, 2007) ("Starr may conduct the requested discovery to

2  determine whether or not there is a conflict of interest, and if so, the extent of that

3  conflict"); *Linich v. Broadspire Services, Inc.*, 2007 WL 841509, *6 (D. Ariz.

4  March 16, 2007) ("in light of Abatie, the Court finds that Plaintiff has a valid claim

5  for discovery outside the administrative record regarding the conflict of interest

6  involved in this case"); *McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177,

7  *2 (E.D. Cal. March 23, 2007); *Liu v. Standard Ins. Co.*, 457 F.Supp.2d 1030, 1038

8  (C.D. Cal. 2006) (permitting depositions of the medical reviewers); *Baldoni*, 2007

9  WL 649295 at *6; *Gullidge v. Hartford Life & Acc. Ins. Co.*, —F.Supp.2d—, 2007

10 WL 2362912, *2 (C.D. Cal. Aug. 13, 2007) (hours expended on discovery were

11 reasonable because, under *Abatie* and *Welch*, "[s]ome discovery regarding whether

12 a conflict of interest existed is therefore appropriate if the plaintiff plans to raise the

13 issue of conflict of interest at trial, which Plaintiff in this case apparently did.");

14 *Alvarez v. Unum Life Ins. Co. of Am.*, 2007 WL 2348737, *7 (N.D. Cal. Aug. 14,

15 2007) (granting Plaintiff's request for discovery).

16      Based on such precedent, Plaintiff contends that she is entitled to conduct

17 discovery pursuant to the limited basis set forth in *Abatie*.

18      **b.    Defendants' Contentions re Discovery**

19      Courts generally do not consider evidence outside of the administrative

20 record when reviewing a benefits claim. *See, e.g., Kearney v. Standard Ins. Co.*,

21 175 F.3d 1084, 1091 (9th Cir.1999) ("in most cases only the evidence that was

22 before the plan administrator should be considered."). This is especially true in

23 cases where the "abuse of discretion" standard of review applies. For example, in

24 *Taft v .The Equitable Life Assurance Society*, 9 F.3d 1469 (9th Cir. 1993), the Ninth

25 Circuit reaffirmed its decision in *Jones v. Laborers Health & Welfare Trust Fund*,

26 906 F.2d 480 (9th Cir. 1990), that "the abuse of discretion standard permits the

27 district court to 'review only the evidence presented to the [plan] trustees.'" As

28 stated by the Court, "[b]ecause this conclusion is consistent with the nature of abuse

1  of discretion review, furthers the goals of ERISA, and is in line with the decisions of

2  nearly every other circuit to consider this issue, we decline to disturb it here." *Id.* at

3  1471. The Court went on to note that, "A primary goal of ERISA was to provide a

4  method for workers and beneficiaries to resolve disputes over benefits inexpensively

5  and expeditiously." *Id.* at 1472.

6         In *Abatie v. Alta Health & Life Insurance Company,* 455 F.3d 955, 970 (9th

7  Cir. 2006) the Ninth Circuit held that evidence outside of the administrative record

8  may be considered to determine if a plan administrator's decision was effected by a

9  conflict of interest.  However, *Abatie* was silent on this question of whether formal

10  discovery (with its attendant costs) is permissible to obtain such evidence.  *Groom*

11  *v. Standard Ins. Co.,* 492 F. Supp.2d 1202, 1204 (C.D. Cal. 2007) (finding a limited

12  right to discovery implicitly held in *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d

13  942 (9th Cir. 2007).  As such, if the Court finds that the "abuse of discretion"

14  standard of review applies to this action, any right to discovery would be predicated

15  on a showing by Plaintiff that such discovery is limited in scope, and narrowly

16  tailored to produce specific evidence that the decision was impacted by a conflict of

17  interest.

18         If the Court determines that it will review the claims decision *de novo* with no

19  deference afforded to the original denial, the Court has discretion to consider

20  additional evidence where such evidence is necessary for the Court to conduct an

21  adequate *de novo* review.  *Mongeluzo v. Baxter Travenol Long Term Disability*

22  *Benefit Plan,* 46 F.3d. 938 (9th Cir. 1995).  However, the Ninth Circuit has

23  repeatedly stated that even in *de novo* cases, the general rule is that evidence is

24  limited to the administrative record.  As the Ninth Circuit stated in *Kearney,* "in

25  most cases, only the evidence that was before the plan administrator should be

26  considered." *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1091 (9th Cir. 1999),

27  *citing Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d

28  938, 944 (9th Cir. 1995).  Moreover, these cases are also silent as to under what

circumstances discovery is appropriate in order to obtain such evidence.   In *Steiner v. Hartford Life and Accident Ins.*, 2004 U.S. Dist. LEXIS 20022, *13-14 (N.D. Cal. 2004), the District Court held that a plaintiff must establish exceptional circumstances to justify extra-record discovery, such as a misconception of law or misconstruction of the plan terms on the part of the plan administrator, a seriously deficient administrative record or evidence of bias beyond the mere fact that the administrator is also the payor.

Thus, Defendants assert that before any discovery may be undertaken, the parties need a ruling as to the applicable standard of review.  Thereafter, Plaintiff bears the burden of justifying any discovery sought under the authorities cited above.

**10.    Expert Discovery**

The parties agree that expert disclosure and discovery is not necessary as the parties will not be utilizing experts for trial.

**11.    Discovery Cut-Off Date**

The parties propose a discovery cut-off of October 1, 2008.

**12.    Related Cases.**

There are no related cases.

**13.    Relief.**

**a.      Relief Sought by Plaintiff**

Plaintiff seeks past and future long term disability benefits and attorney's fees.

**b.      Relief Sought by Defendants.**

None.

**14.    Settlement and ADR.**

The parties through their counsel have discussed ADR, and have agreed to participate in a private mediation to take place within the next six months.

**15.    Consent to Magistrate Judge.**

Defendants did not consent to the Magistrate Judge.

**16.    Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multi-district Litigation.

**17.    Narrowing of Issues.**

The parties believe that any substantive issues will be addressed as part of cross-motions for summary judgment and subsequently those issues may be narrowed through that process.

**18.    Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**19.    Trial**

The parties request that the Court waive the Final Pre-Trial Conference because (a) This will be a bench trial with no live testimony; (b) The parties anticipate that the only evidence that shall be presented at the trial will be the claim file and any evidence required to be contained within the Administrative Record; and (c) The parties' respective positions may be briefed through trial briefs.

The parties propose a trial date of December 8, 2008.  The parties estimate that the trial of this matter will require two hours to one half day.

**20.    Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil L.R. 3-16, Plaintiff certifies that, other than herself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

1    Pursuant to Civil L.R. 3-16, Defendants certify that there are no persons,
2  associations of persons, firms, partnerships, corporations (including parent
3  corporations) or other entities (i) have a financial interest in the subject matter in
4  controversy or in a party to the proceeding, or (ii) have a non-financial interest in
5  that subject matter or in a party that could be substantially affected by the outcome
6  of this proceeding, except for the following: Jefferson Pilot Financial Insurance
7  Company; Sanyo Semiconductor Corporation Long Term Disability Plan; Lincoln
8  Financial Corporation; and Sanyo North America Corporation.
9
10  Dated:  March 24, 2008                        KANTOR & KANTOR

11

12                                         By: _____
13                                               Elizabeth K. Green
                                                 Attorney for Plaintiff
14
15  Dated:  March 24, 2008                        GREEN & HUMBERT

16

17                                         By: _____
                                                 Horace W. Green
18                                               Attorneys for Defendants
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT